Cmty. S. Bank v. Chernin, No. 593-8-09 Rdcv (Cohen, J., Apr. 27, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| **COMMUNITY SOUTH BANK,** | ) | **Rutland Superior Court** |
| | ) | **Docket No. 593-8-09 Rdcv** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ROBERT B. CHERNIN, CELESTE CHERNIN,** | ) | |
| **NORTH AMERICAN SAVINGS BANK FSB,** | ) | |
| **GMAC MORTGAGE LLC, and all UNNAMED** | ) | |
| **OCCUPANTS RESIDING AT 1882 EAST** | ) | |
| **MOUNTAIN ROAD, KILLINGTON, VT,** | ) | |
| | ) | |
| **Defendants** | ) | |

## DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, FILED NOVEMBER 20, 2009

Plaintiff Community South Bank moves for summary judgment on its foreclosure action. In response, defendants Robert and Celeste Chernin argue that Community South's mortgages do not constitute mortgages under Vermont law. They further request that if the mortgages are enforceable, the Court establish a redemption period of one year and the Court schedule the sale of Defendant's two lots at different times. Plaintiff Community South Bank is represented by Elizabeth A. Glynn, Esq. Defendants Robert and Celeste Chernin are represented by William B. Miller, Jr., Esq., James W. Swift, Esq., and Benjamin L. Wilson, Esq.

### Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In response to an appropriate motion, judgment must be rendered "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, ... show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, the court accepts as true allegations made in opposition to the motion for summary judgment, provided they are supported by evidentiary material. *Robertson v. Mylan Labs*, *Inc.,* 2004 VT 15, ¶ 15, 176 Vt. 356. The nonmoving party then receives the benefit of all reasonable doubts and inferences arising from those facts. *Woolaver v. State*, 2003 VT 71, ¶ 2, 175 Vt. 397.

## BACKGROUND

Robert and Celeste Chernin are guarantors of two notes from Walzak Risk Analysis, LLC to Community South Bank. The first note is in the original principal amount of $990,000, and was secured by a mortgage from the Chernins dated November 4, 2005. The second note is in the original principal amount of $264,000, and is secured by a mortgage dated February 15, 2007.

The November 2005 note was secured by Tract #1 of the Chernin's Killington property, which included their house. The February 2007 note was secured by Tract #1 and Tract #2, which is a vacant lot. Both mortgages were recorded in the Killington Town Records. Both notes are in default for nonpayment.

## DISCUSSION

The Chernins argue that the two mortgages held by Community South Bank do not convey legal title under Vermont law, only a lien interest. The basis of this argument is language in paragraph 24 of both the 2005 and 2007 mortgage instruments that provides that the mortgages are to "governed by, and construed and enforced in

2

accordance with the laws of Florida." The Chernins argue that this provision requires the application of Florida law to govern the mortgage instruments. Because Florida is a "lien-theory" state, as opposed to Vermont which is a "title theory" state, the mortgages do not convey legal title under Vermont law. The Chernins' argument lacks merit.

The Vermont Supreme Court has stated that "[i]t is a well-established principle that the law of the state in which land is situated must be looked to for the rules which govern its descent, alienation, and transfer, and for the effect and construction of the conveyances." International Paper Co. v. Bellows Falls Canal Co., 91 Vt. 350, 367 (1917). Likewise, the validity and effect of a mortgage on land is determined by the law of the state where the land is. Restatement (Second) Conflict of Laws § 225. Furthermore, "[t]he capacity to make a valid mortgage, whether formal requirements of the instrument have been complied with, its validity in other respects and the character of the interests created in the mortgagee are determined, as in the case of conveyances in general, by the law of the state in which the land is." *Id.* at cmt. a.

Also, both mortgages provide that any provision which is prohibited or unenforceable in any jurisdiction shall, "as to such jurisdiction only, be ineffective only to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction." Therefore, under the law of Vermont and the parties own agreement, the law of Vermont applies to the mortgages.

The Chernins' land is in Killington, Vermont—the laws of Vermont apply. The Chernins' mortgages contain title granting language, are properly signed and

3

acknowledged, and recorded as required by 27 V.S.A. § 342. The mortgages convey legal title and are enforceable.

The Chernins request that the Court establish a redemption period of one year for Tract #1 of their Killington property. Under 12 V.S.A. § 4528, "the time of redemption shall be six months from the date of the decree unless a shorter time is ordered." While there is statutory authority for the Court to decrease the time for redemption, there is no authority for the Court to extend it. Thus, the redemption period shall be six months.

Finally, the Chernins request that the sale of the two tracts occur at different times. Under 12 V.S.A. § 4531a(a), the Court may "determine the time and manner of the sale." The Chernins may schedule the tract of land with the house on it to be sold first. The sales of the two tracts will take place one week apart.

## ORDER

(1) Plaintiff Community South Bank's Motion for Summary Judgment, filed November 20, 2009, is GRANTED.

(2) The redemption period shall be six months for both tracts of land.

(3) Tract #1 (the house lot) may be sold one week before Tract #2 (the vacant lot).

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge